```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF SOUTH DAKOTA
                         SOUTHERN DIVISION
```
**************************************************

| | | |
|---|---|---|
| TRACY L. TROWER, | * | CIV. 09-4081 |
| Plaintiff, | * | FILED |
| | * | NOV 0 6 2009 |
| vs. | * | |
| MIKE ROUNDS, Governor; | * | REPORT and RECOMMENDATION |
| ED LIGTENBERG; TIM REISCH, | * | |
| Secretary of Corrections; WEBER, Warden; | * | |
| DOOLEY, Warden; SUSAN JACOBS, | * | |
| Assoc. Warden; JENNIFER STANWICK; | * | |
| MARK STEOBNER; LORA MAY; | * | |
| GREAT PLAINS PSYCHOLOGICAL | * | |
| SERVICES; CLINT SPERLE; | * | |
| DR. SCOTT PRIBLYL; | * | |
| MIKE STORAGAARD; | * | |
| DEPT OF CORRECTIONS; | * | |
| STATE OF SOUTH DAKOTA; | * | |
| LISA ROTHSCHADL, Bonn Homme County | * | |
| State Attorney; VELMA SUDBECH; | * | |
| SHERI O'CONNOR; | * | |
| Defendants. | * | |

**************************************************

Plaintiff is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. He filed this *pro se* civil rights law suit pursuant to 42 U.S.C. § 1983, seeking monetary relief and to have his current and past sentences vacated. Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(e)(2). Petitioner paid the $350.00 filing fee in full on July 29, 2009. *See* Doc. 15.

The Court has, as it must, "screened" Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons more fully explained below, it is recommended to the District Court that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## BACKGROUND

Plaintiff filed this § 1983 lawsuit seeking redress for what he perceives as a wrongful classification as an un-convicted sex offender. Although his Complaint does not specify his cause of action is based on 42 U.S.C. § 1983, it is contained on a form commonly used by prisoners for § 1983 claims.

The following facts gleaned from Plaintiff's Complaint and other filings received from Plaintiff since the Complaint are accepted as true for purposes of this § 1915 "screening." In 2003, Plaintiff was charged with "rape or child molestation" *See* Complaint Section IV attachment, p. 1. The charge was dismissed and Plaintiff pled guilty to felony child abuse, SDCL § 26-10-1. He was sentenced to an eight year term of imprisonment. Plaintiff also refers in his Complaint to a previous 1990 conviction for felony sexual contact with a child under sixteen (SDCL § 22-22-7). Although it is not entirely clear, it appears Plaintiff asserts he is being required to participate in the STOP sexual offender program either (1) because of the unconvicted 2003 charge; or (2) because of the old 1990 charge for which he has long ago served his sentence.

After his arrival at the penitentiary, Plaintiff was apparently classified as an un-convicted sex offender for purposes of determining whether he should be required to participate in the SDSP's STOP program as a requirement of his individual program directive (IPD). It also appears Plaintiff was asked to submit to a lie detector test after he was incarcerated. It is unclear whether the results of (or Plaintiff's refusal to take) the lie detector test form any part of the basis for his classification as an un-convicted sex offender in need of STOP programming. Plaintiff asserts he participated in other testing which indicated he is not an appropriate candidate for the STOP program. It remains a part of his IPD nevertheless.

The Court is otherwise aware of SDCL § 24-15A-38. That statute provides:
Each inmate shall be released from incarceration to parole supervision, without a hearing with the board, at the time of the inmate's initial parole date, if the inmate has substantively met the requirements of the individual program directive established by the department, agreed to the conditions of supervision and has an approved parole release plan.

Plaintiff's submissions indicate he anticipates (or already has had) an appearance before the parole board for "non-compliance" regarding his refusal to participate in the STOP program. *See* Docs. 17-19, (parole board non-compliance hearing records from August 11, 2009). The relief Plaintiff seeks is "80 million dollars for the torture & physical & mental abuse" he has suffered because of having been subjected to the wrongful imposition of the STOP program in his individual program directive, or alternatively, he wishes "to have my current sentence/conviction & my 1990 conviction overturned & removed from my record & be vacated from this current conviction as well

2

& a jury trial & that defendants pay for all injury and court cost & attorney fees and compensation for each day incarceration for being held at a higher punishment and that I be presented with a court appointed federal attorney. Upon acceptance of this state of claim immediate VACATE of sentence." Plaintiff also requests miscellaneous injunctive relief including a restraining order against Great Plains Psychological Services and STOP program directors, precluding contact between their staff and the Plaintiff and his files.

## DISCUSSION

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) . A plaintiff "does not need detailed factual allegations . . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965, (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. at 1965. *See also, Abdullah v. Minnesota,* 2008 WL 283693 (Feb. 4, 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum,* 44 F. 3rd 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King,* 490 F.2d 1270 (8th Cir. 1974). Finally, although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* It is with these standards in mind that Plaintiff's Complaint is carefully considered.

## Sex Offender Classification: Habeas Corpus v. § 1983 Claim

Plaintiff asserts the DOC erroneously classified him as a sex offender, and the erroneous classification is causing his parole to be wrongfully denied. The Eighth Circuit has entertained prisoner complaints regarding sex offender classification under both 42 U.S.C. § 1983 and 28 U.S.C. § 2254. (*E.g.* under § 1983 *see, Mayorga v. Missouri*, 442 F.3d 1128 (8th Cir. 2006); *Bradford v. Missouri Dept. of Corrections*, 46 Fed. Appx. 857 (8th Cir. 2002) (unpublished, copy attached)[1] and under § 2254 *see, Mellot v. Purkett*, 63 F.3d 781 (8th Cir. 1995)). In *Mayorga*, the Plaintiff brought due process and equal protection claims against various state officials *after* his release. In *Bradford*, the Plaintiff made Fifth Amendment claims regarding his forced participation in the sex offender program. In *Mellot*, the Plaintiff challenged the Missouri Department of Correction's decision to cancel his parole release date because he had failed to complete the Missouri Sexual Offender Program. He failed to exhaust his state habeas remedies, however, and asked the district court to sever his claims and treat them as § 1983 claims. The district court refused, and the Eighth Circuit affirmed. *See also, Entzi v. Redmann*, 485 F.3d 998 (8th Cir. 2007) (prisoner's § 1983 lawsuit against prison officials for refusal to grant sentence reduction because of his failure to complete sex offender program barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Here, Plaintiff makes no explicit or implicit Fifth Amendment claim. Likewise, he makes no due process claim. His claim is simple: DOC officials made a mistake when they classified him as an un-convicted sex offender. Because he believes he has mistakenly been classified, he refuses to participate in the STOP program, and their mistake is causing him to be wrongfully deprived of his parole. Although the line between a civil rights action and a habeas action is sometimes murky, in this case it is not. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). "In order to recover damages or allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

---

[1] Pursuant to Eighth Circuit Rule 28A, unpublished opinions have no precedential value. *Bradford* is cited here for its persuasive value and to distinguish it from the facts of this case.

prove that the conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A § 1983 claim challenging confinement must be dismissed whether the plaintiff seeks injunctive or monetary relief. *Miskowski v. Martin*, 57 Fed. Appx. 246, 248 (6th Cir. 2003) (unpublished, copy attached).

The United States Supreme Court has recently commented on prisoner suits concerning sex offender treatment programs and parole eligibility. In *McKune v. Lile*, 536 U.S. 24, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) the Court held that the Kansas DOC's sex offender treatment program did not violate the prisoner's Fifth Amendment rights. The Court noted the prisoner's decision not to participate in the program "did not extend his term of incarceration. Nor did his decision affect his eligibility for good time credits or parole." *Id.* 536 U.S. at 38, 122 S.Ct. at 2027. As such, admission of un-related, uncharged crimes was not "compelled." 536 U.S. at 40, 122 S.Ct. at 2028. In *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), two prisoners brought a § 1983 civil rights lawsuit after they were denied parole, claiming Ohio's parole procedures were unconstitutional. The Court recognized that prisoner suits regarding parole eligibility are sometimes properly brought under 42 U.S.C. § 1983, and are sometimes properly brought under the habeas statutes (28 U.S.C. § 2254). In *Wilkinson,* the prisoners' § 1983 claims were improperly dismissed, but they sought relief that would render invalid the state's procedures used to deny parole. *See* 544 U.S. at 75, 125 S.Ct. at 1244. Neither prisoner sought immediate or speedier release into the community. *Id.* "Because neither prisoner's claim would necessarily spell speedier release, neither lies at the core of habeas corpus." *Id.*

Unlike the prisoners in *Wilkinson*, Mr. Trower seeks an "immediate or speedier release into the community" because the relief he seeks is "to have my current sentence/conviction & my 1990 conviction overturned & removed from my record & be vacated from this current conviction as well & a jury trial & that defendants pay for all injury and court cost & attorney fees and compensation for each day incarceration for being held at a higher punishment and that I be presented with a court appointed federal attorney. Upon acceptance of this state of claim immediate VACATE of sentence." His claim, therefore, lies at the core of habeas corpus. Trower must therefore submit his complaint regarding the sex offender classification and its effect on his parole eligibility to the

5

state habeas court. The doctrine of exhaustion prescribes that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Mellot v. Purkett*, 63 F.3d 781, 784 (8th Cir. 1995) (*citing Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 1201, 71 L.Ed.2d 379 (1982)). The purpose of exhaustion is not to create a procedural hurdle on the way to federal habeas court, but to "channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Mellot* at 784 *citing Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992).

**The Filing Fee**

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed. *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The filing fees paid, therefore, will not be refunded to the Plaintiff.

## CONCLUSION, RECOMMENDATION AND ORDER

A careful review of Plaintiff's Complaint and the relief he seeks leads to the conclusion that his case is actually a habeas corpus claim. He must, therefore, exhaust his state habeas remedies before his claims may be considered by the federal courts. It is therefore respectfully **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). Therefore, it is **ORDERED**:

(1) Plaintiff's filing fees will not be refunded;

(2) It is **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** without prejudice.

Dated this **6** day of November, 2009.

BY THE COURT:

/s/ John E. Simko
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
By: /s/ Summer Wahpit, Deputy
(SEAL)

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)